IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 4:13-MJ-563 |
| | § | |
| JOHNATHON TAYLOR WALSH (01) | § | |

## CRIMINAL COMPLAINT

I, the undersigned Complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

On or about September 24, 2013, in the Fort Worth Division of the Northern District of Texas, **Johnathon Taylor Walsh (Walsh)** did knowingly distribute, by any means, a visual depiction using a means and facility of interstate commerce, knowing the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct and such visual depiction is of such conduct.

Specifically, **Walsh** used the Internet and a Peer-To-Peer (P2P) file-sharing account to distribute the following visual depiction of minors engaged in sexually explicit conduct:

| File Name | Description |
|---|---|
| !!!Preteen_boys_3some_Rbv_Kdv_ PT_R_Ygold_PRT_PTHC_PJK_ Preteen_Kids_Boy_little_illegal_in cest_pedo_young_gay_teen_innoce n.jpg | This is an image file depicting two prepubescent boys; one is nude and the other is wearing only underwear. The penis of one prepubescent boy is penetrating the mouth of the other prepubescent boy. |

In violation of Title 18, United States Code (U.S.C.) § 2252(a)(2).

## INTRODUCTION

1. I further state I am a Special Agent with the Federal Bureau of Investigation. I have been a Special Agent with the FBI since October 2003. As an FBI Special Agent, I am authorized to investigate violations relating to child exploitation and child pornography, including the receipt, possession, and distribution of child pornography, in violation of 18 U.S.C. §§ 2252, and 2252A. I have gained experience in conducting these investigations through training and through everyday work, including executing search warrants and interviewing individuals who possess and trade child pornography. I have also received training relating to the Innocent Images National Initiative, which includes training in the investigation and enforcement of federal child pornography laws in which computers and other digital media are used as a means for receiving, transmitting, and storing child pornography.

2. This affidavit is submitted in support of a criminal complaint alleging that **Walsh** has violated Title 18, U.S.C § 2252(a)(2). Because this affidavit is being submitted for the limited purpose of establishing probable cause in support of a criminal complaint charging **Walsh** with knowingly distributing child pornography, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that the defendant committed the offense alleged in the complaint.

## FACTS SUPPORTING PROBABLE CAUSE

3. In short, local Dallas FBI agents were conducting an investigation of **Walsh**, a resident in the Northern District of Texas, based upon information provided by SA Kevin Matthews, FBI Newark, following two online undercover sessions in which SA Matthews downloaded images and videos of child pornography from P2P user Walsh2112. The user of Walsh2112 was subsequently identified as **Walsh**.

4. Specifically, on or around September 24, 2013, FBI Newark Special Agent (SA) Kevin Matthews used the internet to conduct an investigation into the sharing of child pornography files on a publicly available P2P file-sharing network. SA Matthews logged onto this P2P network and observed the individual utilizing the username Walsh2112 was also logged onto the network and making files available for sharing. SA Matthews previewed the image files in Walsh2112's folder titled "pics" in thumbnail view and observed images depicting child pornography. Walsh2112 was sharing approximately 58 image files in this folder, which was not password protected.

SA Matthews was able to download all 58 image files directly from Walsh2112. Of the images downloaded by SA Matthews, 48 images depicted child pornography.

5. An example of one of the image files SA Matthews downloaded from Walsh2112 is described as follows:

> a) **!!!Preteen_boys_3some_Rbv_Kdv_PT_R_Ygold_PRT_PTHC_PJK_Preteen_Kids_Boy_little_illegal_incest_pedo_young_gay_teen_innocen.jpg:** This is an image file depicting two prepubescent boys; one is nude and the other is wearing only underwear. The penis of one prepubescent boy is penetrating the mouth of the other prepubescent boy.

6. At the time of the download, SA Matthews identified the Internet Protocol (IP) address utilized by Walsh2112 as 99.110.252.208. A query of the IP address 99.110.252.208 was conducted through a publicly available database and it resolved back to AT&T Internet Services.

7. Subsequently, SA Matthews served a Federal Administrative Subpoena on AT&T Internet Services to identify the individual assigned to IP address 99.110.252.208 during the date and times in question. On September 27, 2013, AT&T responded to the administrative subpoena with the following information regarding IP address 99.110.252.208:

> Subscriber Name: Dxxxxxx Mxxxxxx
> Subscriber Address: 10736 Vista Heights Boulevard, Fort Worth, TX 76108
> Established Date: July 17, 2009
> Telephone #: 817-996-####

8. Approximately one week later, on or about September 30, 2013, SA Matthews again signed into the P2P file-sharing program and utilized an undercover identity to download child pornography videos from the P2P software user Walsh2112.

Previously, SA Matthews had used the P2P chat function to request the password for Walsh2112's password-protected folder titled "bibs;" however, SA Matthews had not received a response. Subsequently, on September 30, 2013, Walsh2112 responded to SA Matthews' password request. SA Matthews used the supplied password to open three of Walsh2112's password-protected folders titled "bibs," "vids," and "vids(2)."

9. SA Matthews observed video files in Walsh2112's password-protected folders with titles indicative of child pornography. Walsh2112 was sharing approximately 158 video files. SA Matthews was able to download four video files directly from Walsh2112 on September 30, 2013. Of the four video files downloaded by SA Matthews, three of the videos depicted child pornography. During the download, SA Matthews identified the IP address utilized by Walsh2112 on September 30, 2013, as 99.110.252.208. A query of the IP address 99.110.252.208 was conducted through a publicly available database and it resolved back to AT&T Internet Services.

10. On October 02, 2013, SA Matthews served a Federal Administrative Subpoena on AT&T Internet Services to identify the individual assigned to IP address 99.110.252.208 during the date and times in question. On October 04, 2013, AT&T responded to the administrative subpoena with the following information regarding IP address 99.110.252.208:

>  Subscriber Name: Dxxxx Mxxxxx
>  Subscriber Address: 10736 Vista Heights Boulevard, Fort Worth, TX 76108
>  Established Date: July 17, 2009
>  Telephone #: 817-996-####

11. Based upon his findings, SA Matthews forwarded his investigative material to the Dallas Division for further investigation. Subsequently, this Affiant reviewed the records provided by SA Matthews to include screenshots of SA Matthews' undercover online activity and the images and videos downloaded from Walsh2112. This Affiant observed the files being made available by Walsh2112 and downloaded by SA Matthews were of images and videos depicting child pornography. Specifically, the child pornography file described in this complaint appeared to depict a real minor engaged in sexually explicit conduct.

12. Subsequently, on December 05, 2013, a federal search warrant was issued in the Northern District of Texas, Fort Worth Division, by the Honorable Jeffrey L. Cureton, authorizing a search of the residence located at 10736 Vista Heights Boulevard for evidence related to the distribution of child pornography. I and others executed the search warrant on December 17, 2013. **Walsh** and others were present at the residence when the search warrant was executed. After reviewing his Miranda rights, **Walsh** agreed to speak to agents. **Walsh** stated he has an addiction to child pornography that began approximately eight years ago, when he was eleven or twelve years old. At the time, **Walsh** had developed a fascination with children his own age, but as **Walsh** matured, his sexual fascination with young children remained.

13. **Walsh** admitted he was "Walsh2112," and that he used the P2P file-sharing program to search for and download images and videos of child pornography. **Walsh** advised he has used the P2P file sharing software for approximately three months; however he has known about the P2P software for several years.

**Walsh** stated that he was sharing three password-protected folders with one folder containing images of child pornography, and two folders containing videos of child pornography. **Walsh** advised he has approximately 80 images and 80 videos of child pornography in these shared folders.

14. **Walsh** advised the videos of child pornography would be located on his Lenovo laptop computer located in his bedroom in the residence.

## Conclusion

15. Based upon the aforementioned, your Affiant believes there is probable cause to charge the defendant **Johnathon Taylor Walsh (Walsh)** with knowingly distributing images of child pornography, using a facility of interstate commerce, namely the Internet and his P2P account, in violation of Title 18, United States Code, § 2252(a)(2). I therefore request the Court issue a warrant authorizing the arrest of **Walsh**.

Jennifer Mullican
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me on this 17th day of December 2013, at 10:25 a.m., in Fort Worth, Texas.

JEFFREY L. CURETON
United States Magistrate Judge

Criminal Complaint - Page 7 of 7